## Case No. 6,649.

### HOLTZMAN v. FRANKLIN INS. CO.

[4 Cranch, C. C. 295.] [1]

Circuit Court, District of Columbia. March Term, 1833.

#### FIRE INSURANCE—REMOVAL OF GOODS.

Upon a policy of insurance upon certain goods whilst they should be and remain in a certain building, against any loss or damage which should happen by, or by means of, fire, the underwriters are liable for loss and damage sustained by the removal of the goods in case of imminent danger from fire.

[This was an action at law by Thomas Holtzman against the Franklin Insurance Company.]

The policy recited that whereas the assured had paid the premium for insurance of $3,000, on a stock of groceries in a certain house therein particularly described "from loss or damage by fire whilst the said stock of groceries shall be and remain in the building aforesaid." "Now know all men by these presents, that in consideration thereof, the capital stock," &c., "of the said corporation shall be subject to pay to" the assured, &c., "any loss or damage which shall or may happen by, or by means of, fire to the said stock of groceries in trade."

At March term, 1832, THE COURT (MORSELL, Circuit Judge, contra) refused to give the following instruction, prayed by Mr. Key, for the plaintiff: "That if the jury should be satisfied, by the evidence, that the goods insured were in such danger of destruction by fire as would have induced every prudent man to remove them to prevent such loss; and the plaintiff, for the purpose

[1] [Reported by Hon. William Cranch, Chief Judge.]

of saving them from such danger, had them removed from the building with all the care that could be applied to such removal; and that the goods were so removed, and that, in such removal, and before they could by any possible means be brought back again, they were lost and injured, and that no human care could prevent such loss or injury; then such loss or injury was a loss occasioned by the removal; and the removal was occasioned by the danger of fire; and the loss or injury was therefore occasioned by the peril insured against."

THE COURT also (MORSELL, Circuit Judge, contra), at the same term, at the prayer of the defendant's counsel, "instructed the jury, that if they should believe, from the said evidence, that the said goods of the plaintiff alleged to be destroyed or damaged were so destroyed or damaged after they were in fact removed as therein stated from the premises mentioned in the policy; and that the said goods were not destroyed or injured by fire; then the plaintiff is not entitled to recover in this action." "And further, that if, from the evidence aforesaid, the jury shall believe that the loss mentioned in the said evidence to be sustained, was caused immediately and directly by the moving of the goods of plaintiff covered by the policy of insurance as stated in the said evidence, and that the said goods were not destroyed or injured by fire, the plaintiff is not entitled to recover in this action." The jury found a verdict for the defendants.

Mr. Marbury moved for a new trial on the ground of misinstruction of the jury by the court; which motion was argued in part at the same term, by Mr. Marbury, for the plaintiff, and by R. S. Coxe and Mr. Bradley, for defendants.

Mr. Marbury cited Austin v. Drew, 6 Taunt. 436; Welles v. Boston Ins. Co., 6 Pick. 182; Marsh. Ins. 249, 251, 614; 2 Bl. Comm. 380; Cullen v. Butler, 5 Maule & S. 463; Bondrett v. Hentigg, Holt, N. P. 149; Wilson v. Royal Exch. Assur. Co., 2 Camp. 623; Austin v. Drew, 4 Camp. 360; Amory v. Jones, 6 Mass. 318; Lee v. Gray, 7 Mass. 349; Corp v. United Ins. Co., 8 Johns. 217; Saltus v. United Ins. Co., 15 Johns. 530; Craig v. United Ins. Co., 6 Johns. 250; 11 Petersd. Abr. 193, note; Patrick v. Commercial Ins. Co., 11 Johns. 9.

Mr. Coxe, for defendants, cited Marsh. Ins. 346, 485, 554, 716.

Mr. Bradley, for defendants, cited Jumel v. Marine Ins. Co., 7 Johns. 412; Gardere v. Columbian Ins. Co., 7 Johns. 514; Gardiner v. Smith, 1 Johns. Cas. 141; 3 Kent, Comm. 375; Green v. Elmslie, 1 Peake, 278; Martin v. Delaware Ins. Co. [Case No. 9,161]; Mason v. The Blaireau, 2 Cranch [6 U. S.] 257.

Mr. Bradley had not finished his argument when the court adjourned, and the cause was continued to the present term, when THE COURT (CRANCH, Chief Judge, absent), granted a new trial without costs.

Upon the new trial, Mr. Coxe, for defendants, moved the court to instruct the jury "that if they should believe from the evidence that the said goods of the plaintiff alleged to be so destroyed and damaged, were so destroyed and damaged after they had been in fact removed, as therein stated, from the premises mentioned in the policy; and that the said goods were not so destroyed or injured by fire, then the plaintiff is not entitled to recover in this action,"—which instruction THE COURT (CRANCH, Chief Judge, contra) refused to give.

Mr. Marbury, for plaintiff, then prayed the court to instruct the jury, "that if they should believe from the evidence aforesaid, that the loss and injury to the goods happened in consequence of their removal from the house mentioned in the policy, without the neglect or fault of the plaintiff; and that such removal was occasioned by a fire in the neighborhood of the said house, by which the said goods were exposed to such present and imminent danger that a prudent man would not have permitted them to remain in the said house; and that as much care was used in the removal as a prudent man would have used in relation to his own goods similarly situated,—then the said removal was justifiable, and the loss and injury thereby happening, covered by the policy, and the plaintiff, therefore, entitled to recover."

Mr. Marbury, in support of his prayer, offered to cite many cases which he did not read.

Mr. Coxe said he had some strong cases on the other side. But THE COURT would not hear further argument, and gave the instruction as prayed by Mr. Marbury.

CRANCH, Chief Judge, said he wished for time to consider, or at least to look at the cases cited, as, in consequence of the former argument remaining unfinished at the last term, he had not looked at them in the vacation. He could not, therefore, join in giving the instruction. Verdict for plaintiff, $425.91.